Good morning, Your Honors. May it please the Court, Daniel Levin on behalf of the government. This is the government's affirmative appeal from the District Court's ruling striking Rapid-Tiering Act 18 and the associated overt acts from Count 1 of the indictment, which is the RICO charge, conditioned on the government persisting in calling its noticed expert, Detective Frank Flores. The government submits that it was improper for the District Court to strike the Rapid-Tiering Act and the overt acts in response to the evidentiary motion. And I want to emphasize this is a narrow, in the government's view, a narrow and relatively modest appeal. What we're asking is that the order, which has no legal basis, be vacated and that we go back. We're not asking the court to make its own evidentiary ruling. This is an interlocutory appeal. The government, excuse me, the district judge still has authority to rule. Now, did the District Court grant your motion to exclude the evidence that underlay those overt acts that it struck from the indictment? It denied the defense motion to exclude. I mean, there was a 403 motion. The ruling was Rapid-Tiering Act 18, associated overt acts stricken. And then the 403 motion denied. And double jeopardy motion denied. Yes. Although I'm going to, if you want me to get to that, I was going to wait until the next set to talk about the double jeopardy. Okay. We can talk about double. Well, so what I think you need to talk about is, first of all, whether your appeal, whether we have jurisdiction over your appeal. Like, what exactly is the nature of what you're appealing in terms of our jurisdiction? All right. Thank you, Your Honor. So what we're appealing is the District Court order, and I think it's worded striking Rapid-Tiering Act 18 lines, F through Y of count one, and overt acts 138 through 141, which describe the conduct of the conspiracy to murder Detective Flores. Now, that was a conditional order, right? Correct. Conditioned on calling Detective Flores. And the government's view is the order that was imposed, putting aside for a moment the condition, the order that it imposed is a partial dismissal of account, which is appealable under 3731 paragraph one, which applies to dismissals of any account or any part of account. And I'm paraphrasing that slightly. That is an appealable order by the government in an interlocutory posture. It's clearly been since 2002 when Congress amended 3731, although even in this circuit it was even prior to that. The conditional aspect doesn't make it non-appealable for two reasons. And the first reason is conditional orders have been held appealable in the suppression context, and I think we cite in our brief some of these cases. There are cases where the court makes essentially a discovery order and says you need to turn this over, which is not appealable, but said if you don't, I'm excluding the evidence, which is an appealable suppression order. And this court has said that comes within 3731 because the ramifications of noncompliance are appealable, and so the conditional order is appealable. Now, here at Smith, it's just a little, it's easier because regardless, the government has an option, we acknowledge. Whichever option we take is appealable. That is, either it's stricken, sort of the state of the world is we can call Detective Flores, but it's stricken, the racketeering act. That's appealable because it's a partial dismissal. And if we exercise our option, then the Flores testimony has been excluded, which is also appealable. And now I understand there's a little twist to that, which is the certification of the U.S. attorney, which we didn't file, have not filed, on the theory that our view of the order is as we stand here today, no evidence has been excluded, there's just been a striking of part of the indictment. Flores testimony hasn't been excluded. Can we address the issue of Flores as well in your five minutes? We've had some of these appeals from some of these Mexican mafia cases where we've addressed this question of a witness testifying in a dual capacity and the potential for prejudice and confusion. You want Flores to testify in a triple capacity. Do you seriously plan to go forward on that basis? We are planning. Let me try to explain. I think it's going to be very dangerous and very, I just want to warn you, because even looking at the transcripts when we have to review the appeals, the government's very, you could be falling into the trap of creating a reversible error in a case that's very. I appreciate that concern, Your Honor. I think the government does appreciate and has taken this issue seriously as we've considered whether to push forward with this. And let me just try to explain a little bit just for your edification of why it's important that we view Flores as so important. Part of it goes to the, his recipient testimony won't go to the murder conspiracy,  he won't be testifying either as a recipient or as an expert about that, which I think mitigates to some degree the danger. And the government is very aware of Freeman, of Ancrum, of the recent Martinez case from just a few months ago, all of which ultimately allowed it, although I understand Freeman was critical of the Plain Air case. It intends at trial to take every safeguard that this Court has laid out. But why do it at all? Why is he so necessary? Surely you have other people who are expert in this area. The government's view is that Detective Flores is, by quite a wide margin, the most knowledgeable person in the country on this case. He has literally devoted his entire career to it. It's not whether someone else can make it over the Gaubert hurdle. We acknowledge that someone else could make it over that threshold. But in the government's mind, in the mind of the trial attorneys and the agents, there's very little doubt that Detective Flores is the best and most knowledgeable person and will be, frankly, in presenting this to the jury, will be able to give them information and present it in a way that is head and shoulders above what we could do if we replaced him. I suppose the judge sees it the way Judge Wordlaw does. The remedy would be to strike him as a witness, right? I suppose it would be if it were. What I'm getting at is he doesn't have the right to strike the indictment. Correct. He has a lot of arrows in his quiver that he can do to make sure that the concerns Judge Wordlaw wisely expresses are vindicated. That's absolutely correct. But one of them is not getting rid of the indictment. The problem is, the reason we're up here on appeal is he's not permitted to get rid of part of the indictment. And we acknowledge, and I understand the person, I understand Judge Wordlaw's question, that this is a fraught area. And the court does have discretion under 403 and can make a 403 ruling. And the government would have to, you know, that is an appealable ruling. The government would evaluate that, you know, you don't often appeal 403 rulings, I mean, I'll say. But, you know, the government would have to make an evaluation. The ultimate assistant general would have to make a determination whether the government would take that up. But it's – that's really not yet before the court. We do understand and take to heart the concern. And it's a – all I've tried to lay out is just the sort of factors in the government's mind about why it even initially noticed Detective Flores aware of these issues. You've got about two minutes left. Of course, there's anything else I'll preserve. Good morning. Good morning, and may it please the Court. Mark Fleming on behalf of the appellee, Pedro Lopez, and the other defendants joined in the appellee's briefs. First, Your Honors, the government has no right to bring this issue before this Court at this time. As Your Honor has indicated, the district court has a number of arrows that could be fired. None of those arrows have been shot yet. What he's done, what the district court did, was he gave the government a choice. And the government has that choice of whether to call Detective Flores. And they've been warned by the district court, if you call Detective Flores, here are the consequences to those actions. There has not been a definitive final order, and that is what is required under the first paragraph of 3731. I think that the court, just to follow up on what those concerns are, is doing the government a favor by having them take a good, hard look at what it is they're trying to do here. In their brief, the government say that one of the reasons they want the court to allow Detective Flores to testify is because they want to discourage a defendant from targeting a gang expert and killing a potential witness. Well, the government has it exactly backwards. Detective Flores was noticed as an expert three years after these allegations surfaced. So, in fact, what's happening here is that the government is selecting one of their alleged victims in the indictment to serve as a gang expert against the very people who they accuse entered a conspiracy to have that person killed. And Judge Reel recognized that. Now, the order itself, which has not taken effect and will not take effect until the government makes that decision. I would imagine that if the district court allowed Detective Flores to testify, that the defense would have a heyday arguing that he's biased and discrediting him because, after all, he was a target and a victim of one of the indicted acts. So, I mean, I really don't understand why the government is pursuing this, but for that reason and because I think his credibility would be very suspect. Your Honor makes an excellent point. And as a trial attorney, I obviously see some rich, fertile ground for impeachment based on his victim status. However, I felt and still feel that it was our obligation to address this issue pretrial. And having reviewed extensively the transcripts of Detective Flores, I know his background, I believe that, in balance, more harm than good would come from his testifying, and I'm wearing all three of those hats. So the first issue, the jurisdictional issue, government has no right to bring this before the court at this time. And no case that the government decides supports an appeal at this stage because nothing has changed. That indictment, the language in that indictment has not changed one iota. There hasn't been a single change in the government's ability to go forward with the case with the caveat that they proceed at their peril. And as district courts do in almost every case I've been involved in, they provide a roadmap to the parties. If you do this, you can expect this to happen. Make this decision and here's what you might expect from the court. Nothing has been done and there's been no authorization under the first paragraph. Well, how do you respond to the government's argument that courts routinely allow the exercise jurisdiction over appeals from conditional orders of suppression of witnesses and that this is really tantamount to the same thing. It's just a conditional order striking part of the indictment, which would lie under the first paragraph. Well, that would lie under the second paragraph. Well, the suppression is strictly under the second paragraph. Right. But the conditional act here is the striking of portions of the indictment. There's a real significant distinction there. That would have to fall under the second paragraph. And what triggers authority under the second paragraph is a notice of certification by the government that states that the suppressed evidence contains a substantial material fact of proof to support the charges. I don't believe that the government can make that kind of a challenge with regard to the testimony of Detective Flores. This is superfluous gang expert testimony.  It's not evidence from a recorded call, which they claim to have in support of these charges. So my response to that is that the government has waived their right to file that certificate under paragraph 2. We've addressed the 403 issues in the briefing, yet the government has at no time filed that certificate, stating that it is not for delay and it is related to a substantial material fact of proof. They have to do that if the judge excludes evidence. They absolutely have to do that. If the judge didn't exclude evidence, he threatened to throw out the indictment. I don't think that he's done either at this point. He didn't threaten to strike. I'm sorry, Judge. Yes, he threatened to do so. And I also believe that this was. But they don't need a certificate if the indictment is stricken. Is that right? No. If the indictment was stricken, if the portion of the indictment was stricken. Which is what he threatens to do. Which is what he threatens to do. There's no certificate required because that would fall under paragraph 1 of 372. Then I don't get what you were getting at when you say they've waived their right to file a certificate. It doesn't apply if we're talking about striking the indictment as opposed to excluding evidence. The question from Judge Wardlaw was addressing the appeal of an evidentiary ruling. That would fall under paragraph 2. That would require a certificate which was not filed by the government for whatever reasons they had not to do so. But that's not what we've got here, if I understand correctly. There's no exclusion of evidence ordered or threatened. I believe that there is an exclusion of evidence that's been threatened along with the. No, where does he say I'm going to exclude the evidence? If you look at page 86 of the transcript from the May 13th hearing, and I'll read from lines 6 through 10. This is Judge Rio, and that will be the order. That is line 14 through 26, well, page 43 of the indictment. And that is done on the condition that Mr. Flores will be testifying only. If Mr. Flores doesn't testify, it stays in. Otherwise, it is to be stricken and is not to be discussed in the trial. Yeah, he's talking about the indictment, the overt act. What he's talking about in our view. Remember, this was a 403 motion that we're addressing here. It's the evidence that's contained in the overt acts. It will not be discussed at all during the trial. It's the evidence in those acts. If they put Detective Flores on the stand, the. . . Mr. Fleming, are you telling us that he's striking the witness here? Excuse me? He's striking the overt acts in the indictment. He's threatening to strike the overt acts in the indictment. Yeah, he didn't issue an order excluding any evidence in the paragraph you've just cited me or anywhere else that I can find. Well. . . In fact, he's allowing Mr. Flores to testify, but he's providing that there will be consequences. And part of those consequences will be that the allegations contained in the overt acts, which are the specific factual allegations supporting the government's claim that Detective Flores was targeted for murder, will not be discussed at all during the trial. That pertains to the evidence that supports those overt acts. That will be excluded. The reason it's going to be excluded, as Judge Weill recognized, is because of the problem of the overlay between Detective Flores wearing not just the hat of a recipient witness, not just the hat of a gang expert, but also that of a very serious allegation of his being a victim to a conspiracy to murder. Let me ask you a separate question. If we were to construe this as an order striking part of the indictment, do you agree with the government that Judge Weill exceeded his authority, that the judge does not have the authority to strike portions of the indictment? I do. I agree that if this was a completed order and if the court's interpretation of Judge Weill's order was that he's dismissing the indictment, then he has no authority to do that. And I conceded that in our brief as well. He hasn't done that yet in our view. And if it is sent back for that type of clarification, I would simply ask that the court look beneath the merits of the issue to give some clarity to the parties below on the 403 issue, because I think that is fairly and squarely before the court now. The government responded to the motion at the briefing. And just to avoid any pitfalls down the road, this is going to be obviously of grave concern to both parties. But I don't believe that that's necessary because it simply isn't right yet. And if Judge Weill were to improperly dismiss and issue a decisive and completed order, it's then and only then that the government can appeal under paragraph 1. Thank you. Roberts. Thank you, Mr. Clement. Mr. Levin, back to you. Thank you, Your Honor. The government, the parties are stuck with the order that we have in front of us, and our reading of the order is that it did strike part of the indictment. And I do want to emphasize, this is, in our view, a pretty narrow issue. We're asking that that order be vacated, that we get to go back and we understand that there are 403 issues and that the defendants can certainly continue to press those and that the district judge can exercise discretion and would then be subject to review for abuse of discretion. So we're not asking for some sweeping, ruling, admitting evidence or anything like that. We're just asking that the order in front of us, which I think everyone acknowledges the district court had no authority to issue, should be vacated and it should go back for further proceedings. I'm happy to address jurisdiction more, but otherwise I'll sit down. I think that's it. Thank you, Mr. Levin. Thank you, Your Honor. That case is now submitted and we'll move on to the companion appeal. 10-50419 and others, United States v. Morales and the other defendants.
judges: Fletcher, Silverman, Wardlaw